**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Robenson Nelson,<br> *Plaintiff*<br><br>v.<br><br>GXO Logistics Supply Chain, Inc. and SwipeJobs, LLC d/b/a 1st Class Staffing<br> *Defendants*. | Case No.<br><br>Jury Trial Demanded |

### COMPLAINT

Plaintiff Robenson Nelson, by and through his undersigned counsel, brings this action against Defendants GXO Logistics Supply Chain, Inc. and SwipeJobs, LLC d/b/a 1st Class Staffing , and states as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress unlawful employment practices committed by Defendant in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII").

2. Plaintiff was subjected to a racially hostile work environment and was retaliated against for opposing racial discrimination, culminating in his unlawful termination.

### JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) because this action arises under federal law.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant conducts business in this district and the events giving rise to Plaintiff's claims occurred within this district.

5. Plaintiff timely filed a charge of discrimination on April 7, 2017.

6. Defendant SwipeJobs, LLC was Plaintiff's joint employer had constructive, and, upon information and belief, actual notice of Plaintiff's EEOC charge.

7. Plaintiff received a right-to-sue letter from the EEOC on or about December 3, 2024.

## PARTIES

8. 5. Plaintiff Robenson Nelson is an individual residing in Illinois

9. 6. Defendant GXO Logistics is a North Carolina corporation with its principal place of business in Connecticut.

10. Defendant SwipeJobs LLC is an Arizona Corporation authorized to do business in Illinois.

11. SwipeJobs and GXO were Plaintiff's joint employers.

## FACTS

12. Plaintiff was employed by Defendant until his unlawful termination on or about October 2016.

2

13. During his employment, Plaintiff was subjected to egregious racial discrimination, including being repeatedly called a "nigger" by coworkers.

14. Plaintiff complained to Defendant about the racial harassment, but Defendant failed to take appropriate remedial action.

15. Instead of addressing the hostile work environment, Defendant retaliated against Plaintiff by terminating his employment.

16. Plaintiff's termination was directly caused by his protected activity of complaining about racial discrimination in the workplace.

## COUNT I - HOSTILE WORK ENVIRONMENT (TITLE VII)

17. Plaintiff realleges and incorporates by reference the foregoing as if fully set forth herein.

18. Plaintiff was subjected to unwelcome harassment based on his race, including racial slurs.

19. The harassment was severe and pervasive enough to alter the conditions of Plaintiff's employment and create an abusive working environment.

20. Defendant knew or should have known about the harassment and failed to take prompt and appropriate remedial action.

21. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages, including emotional distress and lost wages.

## COUNT II - RETALIATION (TITLE VII)

22. Plaintiff realleges and incorporates by reference the forgoing paragraphs as if fully set forth herein.

23. Plaintiff engaged in protected activity by complaining about racial harassment.

24. Defendant retaliated against Plaintiff by terminating his employment.

25. Defendant's actions were motivated by Plaintiff's protected complaints of discrimination.

26. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered damages, including lost wages and emotional distress.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant's conduct violates Title VII;

B. Award Plaintiff back pay, front pay, and compensatory damages for lost wages and emotional distress;

C. Award punitive damages to deter similar conduct in the future;

D. Award reasonable attorneys' fees and costs;

E. Grant such other and further relief as this Court deems just and proper.

Dated: February 28, 2025 Respectfully submitted,

Francisco Fernandez del Castillo
(ARDC #6337137)
DEL CASTILLO LAW GROUP, LLC
11 E Adams St., Suite 1401
Chicago, IL 60603
312-216-0111
francisco@delcastillolawgroup.com

Robenson Nelson

By: /s/ *Francisco Fernandez del Castillo*

One of Plaintiff's Attorneys