UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robenson Nelson,<br><br>*Plaintiff*,<br><br>v.<br><br>GXO Logistics Supply Chain, Inc. and SwipeJobs, LLC<br><br>*Defendants* | No. 25 CV 2176<br><br>Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Robenson Nelson brings two Title VII claims against his former employers GXO Logistics Supply Chain, Inc. ("GXO") and SwipeJobs, LLC ("SwipeJobs"), alleging that he was subjected to a hostile work environment and retaliated against for opposing racial discrimination. Before the court is SwipeJobs's motion to dismiss both counts as time-barred. [Dkts. 33, 34].[1] The motion is denied.

## I. Background[2]

Nelson was employed by SwipeJobs and GXO, two entities that he describes as his "joint employers." [Dkt. 1, ¶ 11.] The complaint is silent concerning when Nelson came to be employed with one or both Defendants or what position(s) he held, but he alleges that during his employment, coworkers subjected him to "egregious racial discrimination" that included repeatedly calling him the n-word, subjecting him to a hostile work environment. [Dkt. 1 at ¶ 13.] After Nelson alerted GXO and SwipeJobs to this harassment, instead of taking remedial action, they retaliated by terminating him in October 2016. [*Id.* at ¶ 14–16.] Nelson alleges that his complaints to Defendants were a protected activity within the meaning of Title VII and that his termination was directly caused by his complaints of racial discrimination. [*Id.*]

On April 7, 2017, Nelson filed a *pro se* charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). [*Id.* at ¶ 5.] On December 3, 2024, he received a right-to-sue notice from the EEOC as to XPO Logistics. [*Id.* at ¶ 7; Dkt. 34-3.] Nelson initiated this lawsuit under Title VII on February 28, 2025, 87 days

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.
[2] The following factual allegations are taken from Nelson's complaint [Dkt. 1] and accepted as true for the purposes of the motion. *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

1

after receiving his right-to-sue letter. He names both GXO and SwipeJobs as joint employers and as Defendants. [*Id.* at ¶ 6.] Nelson's complaint did not attach the December 2024 right-to-sue letter to his complaint, nor do his factual allegations directly address any statute of limitations question, offer any equitable tolling arguments in anticipation of that defense, or reference a second right-to-sue notice. [*See id.*]

Unbeknownst to Nelson's current counsel—until alerted by SwipeJobs after service—Nelson had indeed filed a separate EEOC charge as to SwipeJobs and, on May 6, 2024, he received a separate right-to-sue letter from the EEOC. [Dkt. 34 at 2; Dkt. 34-8.][3] The EEOC letter was prepared by an investigator named Jairo Marquez and contains Marquez's email address. [*Id.*] Nelson filed suit against SwipeJobs 298 days after receiving that right-to-sue letter. This motion to dismiss followed.

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. To survive a motion to dismiss under Rule 12(b)(6), "a complaint's factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Emerson v. Dart*, 109 F.4th 936, 941 (7th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court accepts as true all well-pleaded allegations set forth in Nelson's complaint and draws all reasonable inferences in his favor. *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 522 (7th Cir. 2023); *Reardon v. Danley*, 74 F.4th 825, 826- 27 (7th Cir. 2023). However, conclusory allegations are insufficient to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Analysis

SwipeJobs moves to dismiss Nelson's Title VII claims for hostile work environment and retaliation under Rule 12(b)(6), arguing that the claims are time barred. Title VII claimants must file suit within 90 days of receiving their EEOC right-to-sue letter. *See Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009). Here,

---

[3] SwipeJobs included both right-to-sue letters in its responsive pleading. [Dkt. 34-3 and 34-8.] In deciding a Rule 12(b)(6) motion, a court may consider "documents attached to a motion to dismiss … if they are referred to in the plaintiff's complaint and are central to his claim." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (quoting *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994) (internal citations omitted). "The doctrine prevents a plaintiff from 'evading dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit.'" *Id.* (cleaned up). Here, there is no dispute that the right-to-sue letters are authentic and that the letter as to SwipeJobs is ultimately "central to [Nelson's] claim." *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012); *Davis v. Palos Health*, 2019 WL 214916, at *5 (N.D. Ill. Jan. 16, 2019) (considering the EEOC charge, explaining it "is pertinent to [Plaintiff's] complaint, and even if it was not, the EEOC charge is public record and thus subject to judicial notice").

SwipeJobs asserts, and Nelson does not dispute, that he filed this suit well past this 90 day deadline. [Dkts. 39, 45.]

Nelson argues that the statute of limitations should be equitably tolled because he would have timely filed his Title VII claims against SwipeJobs had the EEOC investigator not affirmatively induced him to do otherwise. Generally, the 90-day "time limit is not flexible, even for *pro se* litigants," *Johnson v. Spiegel*, 2002 WL 1880137, at *2 (N.D. Ill. Aug. 15, 2002). Equitable tolling of the 90-day deadline is warranted only in narrow circumstances, such as where the EEOC "lulls" or "affirmatively induces" the plaintiff into inaction, *Alsaras v. Dominick's Finer Foods, Inc.*, 248 F.3d 1156, 2000 WL 1763350 (7th Cir. Nov. 22, 2000) (quoting *Schroeder v. Copley Newspaper*, 879 F.2d 266, 271 (7th Cir. 1989)) (applying equitable tolling where the EEOC incorrectly told the complainant that she had one year, rather than 300 days, to file an administrative charge), or where the EEOC engages in "misleading conduct." *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 81 (7th Cir. 1992); *see also Bishop v. Hazel & Thomas, PC*, 151 F.3d 1028, 1028 n.3 (4th Cir. 1998) ("[E]quitable tolling applies to toll the limitations period when, due to agency error or misinformation, a complainant fails to meet the time requirements … for filing a civil action once a right to sue letter has been issued.").

In *Early*, for instance, the Seventh Circuit reversed dismissal on timeliness grounds where the plaintiff adequately alleged he received misinformation from the agency that might have tolled the statute of limitations, noting that the allegations presented circumstances where the plaintiff was "entitled to attempt to show whether he filed his charge as early as he realistically could given the agency's misinformation." *Early,* 959 F.2d at 81; *Alsaras*, 2000 WL 1763350, at *2 (dismissal was not warranted where plaintiff alleged that an EEOC official provided incorrect information about how much time plaintiff had to file claim) (collecting cases).

Nelson more or less contends that is what happened here. Attached to his response brief is a declaration made under 28 U.S.C. § 1746 in which he attests that after he received the SwipeJobs right-to-sue letter, but "[w]ithin the 90-day filing period" he "spoke with EEOC Investigator Jairo Marquez regarding [his] intent to file a lawsuit against SwipeJobs." [Dkt. 39 at 14, ¶ 3.] He states that in August 2024, he "emailed and requested records from SwipeJobs" in preparation for filing suit and that before the 90-day period expired, he explained to Marquez that he (Nelson) "intended to go to court against SwipeJobs." [*Id.*, ¶ 4.] According to Nelson, Marquez advised Nelson that the cases against XPO and SwipeJobs were "linked together" and that filing against SwipeJobs "during the GXO negotiations could affect the outcome," cautioning Nelson against filing at that time. [*Id.* ¶ 5.] Nelson maintains that based on "Marquez's and the EEOC's guidance," he did not file his lawsuit against SwipeJobs within the 90-day period because he had been told it "could negatively affect the ongoing XPO negotiations." [*Id.*, ¶ 6.] Finally, he says that in July 2024 (within the 90-day period), Marquez advised Nelson "not to file against SwipeJobs in

3

order to protect the other case," and that without this guidance, Nelson would have timely filed suit against SwipeJobs. [*Id.*, ¶ 7-8.]

In its reply brief, SwipeJobs's understandably emphasizes the narrowness of the tolling exception, noting that it rarely applies, and is not appropriate for use in situations where a plaintiff negligently failed to preserve his rights. [Dkt. 42 at 3 (citing *Lax v. Mayorkas*, 20 F.4th 1178 (7th Cir. 2021) (noting that equitable tolling is reserved for those instances where a plaintiff "has been prevented in some extraordinary way from filing his complaint in time.")] Nor is this a case where Nelson alleges that he was "induced or tricked" *by SwipeJobs* into missing the filing deadline. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). True enough.

Still, the court declines to adopt SwipeJobs's pinhole view. At the very least, it ignores *Early*'s clear guidance that misleading conduct by the EEOC can be a basis for tolling the statute of limitations. Nelson has come forward with a sworn declaration that investigator Marquez advised him that the cases against XPO and SwipeJobs were "linked together" and that he should not proceed against SwipeJobs "in order to protect the other case." [Dkt. 39 at 14-15.][4] To the extent SwipeJobs argues Nelson's explanation is "disingenuous and peculiar," or that his overall timing is suspect because it lacks corroboration (such as through an affidavit from Marquez), at the pleading stage, the court is obligated to accept Nelson's factual allegations as true and reasonable inferences must be drawn in his favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[A] court should assume [the] veracity" of well-pleaded facts).

The remaining cases cited by SwipeJobs are distinguishable *E.g.*, *Virgil v. Potter*, 2003 WL 22118925, at *1 (N.D. Ill. Sept. 11, 2003) (plaintiff did not affirmatively argue equitable tolling for the relevant period); *Voogd v. Pavilion Found.*, 2004 WL 877996, at *4 (N.D. Ill. Apr. 23, 2004) (plaintiff filed suit within the 90-day period but served the wrong party).

Here, by contrast, Nelson avers that the assigned EEOC investigator affirmatively advised him not to file suit against SwipeJobs and that he did not do so in reliance on that information. [Dkts. 34-8; 39 at 14–15.] In the end, equitable tolling is a fact-intensive inquiry, so it is more appropriate for summary judgment than a motion to dismiss. *Watkins v. City of Chicago*, 2018 WL 2689537, at *4–5 (N.D. Ill. June 5, 2018) (declining to dismiss a Title VII disparate treatment claim at the pleading stage because plaintiff claimed there was misleading conduct by an

---

[4] To the extent SwipeJobs suggests Nelson's declaration should be disregarded as self-serving, *see* dkt. 42 at 4, "[m]ost affidavits from parties and their allies . . . are self-serving in that they try to support the submitting party's legal arguments. The federal rules do not prohibit or give lesser weight to self-serving affidavits based on personal knowledge. We have repeatedly emphasized that the term 'self-serving' should not be used to denigrate perfectly admissible evidence." *Indiana Protection and Advocacy Services Commission v. Indiana Family and Social Services Administration*, 149 F.4th 917, 930 n.6 (7th Cir. 2025) (citing *Hill v. Tangherlini*, 724 F.3d 965, 967 (7th Cir. 2013) (cleaned up)).

4

administrative official that prevented her timely filing; "the point is that, without some additional factual development … the court cannot hold that as a matter of law equitable tolling does not save Watkins's Title VII claims."); *Jacobs v. Walmart Inc.*, 2023 WL 4532822, at *8 (D. Md. July 13, 2023) (applying equitable tolling to 90-day filing period where the a *pro se* plaintiff relied on EEOC's assurances in filing late); *cf. Zustovich v. Harvard Maintenance, Inc.,* 2009 WL 735062 (S.D.N.Y. Mar. 20, 2009) (applying equitable tolling where the plaintiff received two right-to-sue letters from the EEOC regarding the same charge and filed her civil suit within 90 days of only the second notice).

Fact discovery will reveal the veracity of Nelson's statements, including whether Marquez told him that the charges against GXO and SwipeJobs were "linked together," and the degree to which any misunderstanding bore upon Nelson's failure to inform his counsel, among other things. And it will be Nelson's burden to show that equitable tolling is warranted by the facts. *Dent v. Charles Schwab & Co., Inc.*, 121 F.4th 1352, 1353 (7th Cir. 2024) (equitable tolling "is an extraordinary remedy, and the burden is on the party seeking its application to demonstrate that it is warranted.") In the end, he must establish both that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented him from timely filing suit against SwipeJobs, bearing in mind that equitable tolling is rare. *Id.*; *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021). At the pleading stage, however, where a complaint need not anticipate affirmative defenses like the statute of limitations and "will not be dismissed just because it does not confirm its own timeliness," dismissal is inappropriate. *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 822 (7th Cir. 2022).

### IV. Conclusion

SwipeJobs's motion to dismiss is denied.

Enter: 25-cv-2176
Date: October 22, 2025

_____

Lindsay C. Jenkins
United States District Court Judge